## Geo. W. Pirtle v. W. Nell et al.

### Decided June 13, 1906.

**Statement of Facts—Stenographer's Report.**

A separate document, sent up with the transcript, endorsed "statement of facts," purporting to contain all the facts proven on the trial, and approved and signed by the judge, but not showing otherwise that it is the official stenographer's transcript of the evidence, nor that it was submitted to the interested parties for their objections, nor that the documentary evidence it contained was embraced therein by direction of the court does not comply with the law (Acts 29th Leg., Regular Session, p. 219) and can not be considered as a statement of facts.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

*W. A. & H. G. Evans*, for appellant.

*McGrady & McMahon*, for appellees.

EIDSON, Associate Justice.—There is no legal statement of facts embraced in or sent up with the record in this cause. There is a paper sent up with but separate from the transcript in this cause, endorsed "statement of facts," and, after giving the style and number of the case, beginning as follows: "Be it remembered that upon the trial of the above styled and numbered cause, the following were the facts and all the facts proven." Then follows a statement of the testimony taken upon the trial, including documentary and oral, and at the end of the statement is the word "approved," and under that is the signature and official character of the trial judge.

At the time of the trial and the preparation of this document the Act of the Twenty-ninth Legislature was in effect, which provides that the official stenographer's transcript of the oral evidence adduced upon the trial of the case, after being submitted to the interested parties for any objection thereto, and being found to be correct and approved by the trial judge, should constitute the statement of facts of the oral evidence in the case; and also provides that any original documentary evidence, sketches, maps, plats or other matters introduced in evidence, and if embraced in the stenographer's report, may be made a part of the record of said cause by written direction of the court, which may be sent up in the original form, if required by either party to the suit, or transcribed by the clerk with other parts of the record therein. (Acts 29th Leg. Reg. Sess.- p. 219.) It does not appear from this paper that it is the official stenographer's transcript of the evidence; neither does it appear that same was submitted to the interested parties for their objections, nor that the documentary evidence was embraced in such transcript by the direction of the court. The requirements of the law in order to give this paper the standing of a statement of facts have not been complied with, and therefore we can not consider it as a statement of facts. (Tate v. Betts, 15 Texas Ct. Rep., 830.)

The assignments of error presented in appellant's brief relate to questions of evidence, and hence can not be considered by us in the absence of a statement of facts.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.